IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROGER SHULTZ,<br>Individually and on behalf of all others<br>similarly situated<br><br>    *Plaintiff*,<br><br>v.<br><br>NOMAC DRILLING, L.L.C. and SEVENTY<br>SEVEN ENERGY, INC.<br><br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Docket No. CIV-17-169-R<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT NOMAC DRILLING, L.L.C.'S THIRD-PARTY COMPLAINT AGAINST A.R.M.S. WELDING INC.**

Plaintiff Roger Shultz ("Shultz") files this Motion to Dismiss Defendant Nomac Drilling, L.L.C.'s Third-Party Complaint against A.R.M.S. Welding, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted.

**I.
SUMMARY**

Defendant Nomac Drilling, L.L.C.'s (hereinafter "Nomac") third-party complaint against A.R.M.S. Welding, Inc. (hereinafter "ARMS") is fatally defective because it impermissible for a defendant to file a third-party claim in a case bought pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff Shultz filed suit against Defendants Nomac and Seventy Seven Energy, Inc. (hereinafter "Seventy Seven") pursuant to the FLSA on February 17, 2017. Plaintiff Shultz filed this lawsuit as a collective action, both in his individual capacity and on behalf of all others similarly situated. *See* ECF No. 1. Among other things,

1

Plaintiff Shultz alleged that Defendants misclassified him (and other rig welders) as an independent contractor and failed to pay the FLSA-required overtime premium of time and one-half for all hours he (and the other rig welders) worked over forty hours in a workweek. *Id.* On April 20, 2017, Defendant Nomac filed its Third-Party Complaint against A.R.M.S. Welding, Inc. *See* ECF No. 22. The basis of Nomac's third-party complaint is a contractual indemnity claim against Plaintiff Shultz, by and through ARMS.[1] For the following reasons, Defendant Nomac's third-party complaint should be dismissed.

## II.
## PLAINTIFF'S MOTION TO DISMISS

**A.    LEGAL STANDARD**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). To withstand a motion to dismiss, a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Khalik,* 671 F.3d at 1190. At a minimum, a plaintiff (or third-party plaintiff) must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

---

[1] A.R.M.S. Welding Inc. is an inactive domestic for profit business corporation registered to Plaintiff Roger Shultz.

2

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted).

The court assumes that all of the third-party plaintiff's well-pleaded factual allegations are true and views them in the light most favorable to the third-party plaintiff when deciding a motion to dismiss. *Iqbal*, 556 U.S. at 679; *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). By contrast, the court does not accept legal conclusions as true. *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 677).

### B. THIRD-PARTY CLAIMS ARE PROHIBITED IN FLSA CASES

Nomac's third-party claim has no place in a FLSA case. Over thirty years ago, the Tenth Circuit stated that "the purpose of this present [FLSA] action is to bring the defendant employer into compliance with the FLSA by enforcing a public right[ ]" permitting an employer "to try [its] private claims, real or imagined, against [its] employees as counterclaims or third party claims "would delay and even subvert the whole process." *McFeeters v. Brand Plumbing, Inc.*, No. 16-1122-EFM-KGS, 2016 WL 6581515, at *2 (D. Kan. Nov. 7, 2016) (quoting *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) (recognizing that "the only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards" and any other proceedings "would be antithetical to the purpose of the Act"); *NLRB v. Mooney Aircraft, Inc.*, 366 F.2d 809, 811 (5th Cir. 1966)). Indeed, the appropriate remedy in this circumstance is the dismissal of the third-party claims pursuant to Rule(12)(b)(6), recognizing that these additional state law claims are inappropriate in an FLSA case. *See, e.g., McFeeters*, 2016 WL 6581515, at *2–3; *Saarela v. Union Colony Protective*

*Servs., Inc.*, No. 13-cv-01637, 2014 WL 3408771, at *5 (D. Colo. July 14, 2014) (relying on *Donovan* and dismissing defendant's counterclaim without prejudice); *Phillips v. Trans Health Mgmt., Inc.*, Civ. A. No. H-04-0458, 2004 WL 5842401 at *1–2 (S.D. Tex. July 15, 2004) (analyzing *Donovan* and granting plaintiffs' motion to strike defendants counterclaim); *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010).

While not finding that the defendant's claims were themselves barred, the Tenth Circuit noted in *Donovan* that the defendant was free to sue his employees **_in state court_**, but it was not allowed to bring them in the same FLSA suit. 717 F.2d at 1323. This is the same approach adopted by the Third and Fifth Circuits.[2] *See Lyon v. Whisman*, 45 F.3d 758, 762–63 (3d Cir. 1995) (noting that the FLSA bears a limited purpose and finding "no indication that Congress passed the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching jurisdiction over state-law disputes arising from employment relationships"); *Brennan*, 491 F.2d at 4; *Mooney Aircraft, Inc.*, 366 F.2d at 811.

The purpose of this present action is to bring Defendant Nomac into compliance with the FLSA. *See Donovan*, 717 F.2d at 1323. Allowing Nomac to file a third-party action against Plaintiff Shultz flies in the face of the purpose of the Act and is improper. *See id.*; *see also McFeeters*, 2016 WL 6581515, at *2–3; *Saarela*, 2014 WL 3408771, at *5; *Phillips*, 2004 WL 5842401, at *1–2 (S.D. Tex. July 15, 2004). Because the third-party claims alleged by Defendant Nomac "would delay and even subvert the whole FLSA process" this Court should find that Nomac has failed to state a claim on which relief can be granted and its pleadings should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See*

---

[2] In *Lyon*, the court refused to entertain supplemental jurisdiction over the plaintiff's state law claims, based on the same principles cited above.

4

*McFeeters*, 2016 WL 6581515, at *1 (citing *Donovan* in finding that supplemental jurisdiction does not exist for counterclaims and third-party claims against the employee in an FLSA context and dismissing the defendant's counterclaim pursuant to Rule 12(b)(6)).

## III.
## CONCLUSION

Nomac Drilling, Inc.'s Third-Party Complaint should be dismissed pursuant to Rule 12(b)(6) because such claims are not permissible in the FLSA context. Plaintiff Shultz therefore prays that this Court GRANT his Motion to Dismiss Defendant Nomac Drilling, Inc.'s Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

By:    /s/ *Clif Alexander*
        **Clif Alexander** (*Admitted Pro Hac Vice*)
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Lauren E. Braddy** (*Admitted Pro Hac Vice*)
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **ANDERSON2X, PLLC**
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        **Noble K. McIntyre**
        Oklahoma Bar No. 16359
        noble@mcintyrelaw.com
        **MCINTYRE LAW PC**
        8601 S. Western Avenue
        Oklahoma City, Oklahoma 73139

                        Telephone: (405) 917-5250
                        Facsimile: (405) 917-5405

**Attorneys for Plaintiff and Putative Class Members**

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Oklahoma, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                        /s/ *Clif Alexander*
                        Clif Alexander