IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER SHULTZ,<br>Individually and on behalf of all<br>others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>NOMAC DRILLING, L.L.C., and<br>SEVENTY SEVEN ENERGY, INC.,<br><br>　　　Defendants and<br>　　　Third-Party Plaintiffs.<br><br>v.<br><br>ARMS WELDING, INC.,<br><br>　　　Third-Party Defendant. | Case No. CIV-17-169-R |

## ORDER

Before the Court is Plaintiff's Motion to Dismiss Defendants' third-party claims. Doc. 29. Finding that the Court has supplemental jurisdiction over the claim, the Court DENIES Plaintiff's Motion.

This is a collective action under the Fair Labor Standards Act (FLSA) to recover overtime wages. Plaintiff Roger Shultz and putative class members, rig welders for Defendants[1] during the last three years, were allegedly not paid overtime wages for hours

---

[1] The Court uses the collective "Defendants" for clarity's sake. Mr. Shultz was allegedly hired in March 2014 by Defendant Nomac, which shortly after either entrusted its rig operations to Seventy Seven, Inc., or sold itself to that company. In any event, Mr. Shultz has named Seventy Seven as a Defendant, whom he worked for until October 2015.

1

worked each week in excess of forty, in violation of the FLSA. Under the FLSA, employers must compensate their employees "for a workweek longer than forty hours . . . at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1).

Defendants allege that they have a contractual agreement with A.R.M.S. Welding, Inc. ("ARMS"), in which ARMS agrees to indemnify Defendants against the FLSA-wage claims here.[2] That contract, the Master Services Agreement ("MSA"), calls for ARMS to provide welding services, including the requisite labor, to Nomac. The MSA also deems ARMS an independent contractor and provides that ARMS will indemnify Nomac for any "claims . . . arising out of or in connection with any asserted or established violation of any such laws, orders, rules, or regulations by [ARMS] or its subcontractors and their respective employees." Doc. 22, Ex. 1, at 4. These laws would ostensibly include the FLSA. Defendants' theory is that ARMS has contractually indemnified them against any FLSA liability. To that end, Defendants' Complaint asserts claims against ARMS for breach of contract and indemnification.

Those claims are now subject to a motion to dismiss on the basis that the Court either lacks jurisdiction over these state-law claims or that they are not appropriate for policy reasons. Yet it is not ARMS who has moved to dismiss these claims against it. Rather, it is Plaintiff who has moved to dismiss Defendants' third-party complaint.

---

[2] ARMS Welding is allegedly an inactive domestic for profit business corporation registered to Plaintiff Roger Shultz.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a pleading must offer more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. There must be "sufficient factual matter, [which if] accepted as true . . . state[s] a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plausible claim is one that "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must "nudge[] his claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570. Further, the Court "must accept all the well-pleaded allegations of the complaint . . . and must construe them in the light most favorable to the [non-moving party]." *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014).

Typically the Court would first ask whether it has jurisdiction or whether Defendants' claims are plausible. But here, the first inquiry is whether *Plaintiff* can move to dismiss these claims at all. After all, Defendants' claims are against ARMS—not Plaintiff. Put simply, can parties move to dismiss claims under Rule 12(b)(6) that are not asserted against them personally? In a word, no. "It is generally accepted that parties lack standing to seek dismissal of parties other than themselves." *E.E.O.C. v. Brooks Run Min.*

3

*Co., LLC*, No. CIV.A. 5:08-CV-00071, 2008 WL 2543545, at *2 (S.D. W.Va. June 23, 2008). And based on the Court's survey, other courts have been unanimous on the matter.[3]

That said, even if Plaintiff lacks standing to dismiss Defendants' third-party claims for breach of contract and indemnification, the Court must still have subject matter jurisdiction over those claims to proceed. Plaintiff insists it does not and, in support, cites a line of cases[4] that he believes suggests either that the Court lacks jurisdiction or that Defendants' claims thwart the very policy rationale behind the FLSA.

Not exactly. These cases do not hold that the purpose of the FLSA is undermined by allowing a defendant to argue that a third party has indemnified it against FLSA claims. Rather, as one district court summed up these cases, "[s]everal courts, including the Tenth Circuit, have indicated that counterclaims, *particularly when they are akin to setoffs*, are not allowed in a FLSA action." *McFeeters v. Brand Plumbing, Inc.*, No. 16-1122-EFM-KGS, 2016 WL 6581515, at *2 (D. Kan. Nov. 7, 2016) (emphasis added). This hardly seems controversial. Allowing claims for setoff or other non-FLSA-related claims distracts

---

[3] *See, e.g., Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 585 (D. Md. 2016) (finding that "[employer] had no standing to seek dismissal of the complaint against its non-moving employees"); *Healthsmart Benefit Sols., Inc. v. Interwest Ins. Servs., Inc.*, No. 2:16-CV-00144-MCE-AC, 2016 WL 4096704, at *4 (E.D. Cal. Aug. 1, 2016) (holding that Defendants lacked standing to move to dismiss Plaintiff's claim for declaratory relief against yet-unidentified parties); *Qwest Corp. v. Arizona Corp. Comm'n, No*. CV 08-2374-PHX-JAT, 2009 WL 3059127, at *5 (D. Ariz. Sept. 23, 2009) ("The Court simply does not believe that a non-party to a claim can move to dismiss that claim on behalf of the actual, non-moving party to the claim.") (denying party's motion to dismiss a cross-claim not asserted against it); *Cook v. United States*, 765 F. Supp. 217, 223 (M.D. Pa. 1991) ("[U]nder 12(b)(6), the party asserting the motion must be adverse to the party it seeks to dismiss, unless the court in its discretion decides to strike a pendant matter.); *see also* Alan Wright et al., Federal Practice and Procedure § 1349 (3d ed.) ("The movant may obtain relief only as to himself; the movant has no standing to seek dismissal of the action as to nonmoving parties.")

[4] *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983); *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974); *Saarela v. Union Colony Protective Servs., Inc.*, No. 13–cv-01637, 2014 WL 3408771, at *5 (D. Colo. July 14, 2014).

from the central mission of an FLSA suit, which is to bring "the defendant employer into compliance with the FLSA by enforcing a public right." *Id*. (alterations omitted) (citing *Donovan*, 717 F.2d at 1323). Consequently, permitting "private claims, real or imagined, against [] employees would delay and even subvert the whole process." *Id*.

Here, Defendants' claims do little to subvert the FLSA process and, in fact, bear directly on the merits of Plaintiff's overtime-wage claim. If Plaintiff is to recover overtime wages under the FLSA, that hinges on his ability to first identify his employer. That, though, is a matter of dispute. Defendants insist that by the terms of the MSA it entered into with ARMS, ARMS is Plaintiff's employer and has a duty to indemnify Defendants for FLSA violations. Naturally this dispute must be resolved before Plaintiff can recover anything.

Given that Defendants' claims for breach of contract and indemnification intertwine with the merits of Plaintiff's FLSA claim, exercising supplemental jurisdiction over them is appropriate.[5] The Court may exercise supplemental jurisdiction over any claims that are "so related" to the jurisdiction-invoking claim "that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Price v. Wolford*, 608 F.3d 698, 702–03 (10th Cir. 2010) (alterations omitted). Here, Defendants' claims for breach of contract and indemnification stem from a common set of facts: Plaintiff believes

---

[5] To clarify, because no federal-question jurisdiction exists under 28 U.S.C. § 1331, and no diversity jurisdiction is available by virtue of Defendants' and ARMS's Oklahoma domicile under 28 U.S.C. § 1332, if the Court has jurisdiction, it must be under 28 U.S.C. § 1367.

5

he is owed overtime wages under the FLSA, and the MSA purports to transfer any FLSA liability from Nomac to ARMS.

Granted, the Court could of course decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c), but it sees little sense in that. Claims for breach of contract and indemnification hardly raise novel or complex issues of Oklahoma law, which would allow the court to decline jurisdiction under § 1367(c)(1). Nor do these claims predominate over the FLSA claim, which would permit it to forego exercising jurisdiction under § 1367(c)(2). Further, there is no reason to decline jurisdiction under § 1367(c)(3) because the Court still has original jurisdiction over the FLSA claim. Finally, the Court can identify no other compelling reason that would justify the Court declining jurisdiction under § 1367(c)(4).

Plaintiff's Motion to Dismiss, Doc. 29, is therefore DENIED.

IT IS SO ORDERED THIS 11th day of July 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE